## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **HOWARD J. ONK** | ) | **CASE NO.** |
| **225 Waverly Street** | ) | |
| **Berea, Ohio 44017,** | ) | **JUDGE** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **COMPLAINT** |
| **vs.** | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| **CITY OF BEREA** | ) | |
| **11 Berea Commons** | ) | |
| **Berea, Ohio 44017** | ) | |
| | ) | |
| **JOE GRECOL** | ) | |
| **Individually and in his Official** | ) | |
| **Capacity as Chief of Police,** | ) | |
| **Berea Police Department** | ) | |
| **11 Berea Commons** | ) | |
| **Berea, Ohio 44107** | ) | |
| | ) | |
| **ADAM LAENG** | ) | |
| **Individually and in his Official** | ) | |
| **Capacity as Police Officer,** | ) | |
| **Berea Police Department** | ) | |
| **11 Berea Commons** | ) | |
| **Berea, Ohio 44107** | ) | |
| | ) | |
| **SERGEANT DAN CLARK** | ) | |
| **Individually and in his Official** | ) | |
| **Capacity as Police Officer,** | ) | |
| **Berea Police Department** | ) | |
| **11 Berea Commons** | ) | |
| **Berea, Ohio 44107** | ) | |
| | ) | |
| **TIMOTHY YAEGER** | ) | |
| **Individually and in his Official** | ) | |
| **Capacity as Police Officer,** | ) | |
| **Berea Police Department** | ) | |
| **11 Berea Commons** | ) | |
| **Berea, Ohio 44107** | ) | |
| | ) | |

and                                    )
                                       )
**ERIC SMITH**                         )
**Individually and in his Official**   )
**Capacity as Police Officer,**        )
**Berea Police Department**            )
**11 Berea Commons**                   )
**Berea, Ohio 44107,**                 )
                                       )
                                       )
          **Defendants**               )

 

 

Now comes Plaintiff Howard J. Onk, by and through undersigned counsel; and, for his Complaint, states as follows:

### I. Jurisdiction

1. Jurisdiction over claims brought under 42 U.S.C. § 1983 is conferred on this Court by 28 U.S.C. §§1331, 1343 (a) (3) and (4).

### II. Venue

2. This Court is the proper venue under 28 U.S.C. §1391(b), this being the District in which the events giving rise to Plaintiff's claims occurred with jurisdiction granted pursuant to 28 U.S.C. §1331 and §1343.

### III. The Parties

3. Plaintiff Howard J. Onk is a resident of the City of Berea, County of Cuyahoga and State of Ohio.

4. Defendant City of Berea (hereinafter "City") is a unit of local government organized under the laws of the State of Ohio.  The City operates a police department for purposes of delivering care to the public, including Plaintiff, and for keeping order and

law; and all acts by agents, servants and employees of Defendant City's police department were within the course and scope of their employment and authority and in furtherance of protective affairs of said Defendant City.  Defendant City is a person under 42 U.S.C. §1983 and, at all times relevant herein, acted under color of law.

5. Defendants Chief of Police Joe Grecol (hereinafter "Grecol"), Officer Adam Laeng (hereinafter "Laeng"), Sergeant Dan Clark (hereinafter "Clark"), Officer Timothy Yaeger (hereinafter "Yaeger") and Officer Eric Smith (hereinafter "Smith") are agents, servants and employees of Defendant City and all acts by said Defendants were within the course and scope of their employment and authority and in furtherance of protective affairs of Defendant City.

6. Plaintiff was, at all times relevant herein, under the care and custody of Defendants City and Defendants Grecol, Laeng, Clark, Yaeger and Smith, Officers, Agents and Employees of Defendant City.

*IV. Facts*

7. On or about January 1, 2018, Plaintiff was driving on West Bagley Road in the City of Berea, County of Cuyahoga and State of Ohio and was followed by Defendant Laeng, a police officer employed by Defendant City.

8. At the above location and time, specifically 1:06 a.m., Defendant Laeng activated his overhead lights and initiated a traffic stop of Plaintiff, who dutifully complied.

9. Following the stop, Defendant Laeng asked Plaintiff for his driver's license and was furnished with the same, which indicated that Plaintiff is sixty-three (63) years old.

10. Defendant Laeng asked Plaintiff to step out of his vehicle and submit to field sobriety tests on suspicion of Operating a Motor Vehicle while Impaired.  At this time, Plaintiff advised Defendant Laeng of his physical ailments, including multiple back surgeries.  Plaintiff had a disability placard in his vehicle due to a back injury in 1987.

11. Plaintiff was asked to recite the alphabet, count backward and submit to a horizontal gaze nystagmus and complied with all such requests.

12. Plaintiff was then asked to submit to a walk and turn test but advised Defendant Laeng that he was not physically able to perform the test.

13. Plaintiff was asked to submit to a portable breathalyzer and complied, as the machine lit up to register a result.  Defendant Laeng, who administered the portable breathalyzer and received the result, exclaimed, "Do you know how to work this?  I never use this."

14. Because of an inability to properly administer and/or read the result of the portable breathalyzer, Plaintiff was forced to perform the test again.  Plaintiff again dutifully complied with the request to submit to the breathalyzer test, yet Defendant Laeng could not obtain a result.

15. Following these failures to obtain a result to the breathalyzer test submissions of Plaintiff, Defendants Laeng, Clark and/or Yaeger became frustrated and forcefully grabbed Plaintiff's left hand, put his left arm behind his back and pushed Plaintiff's hand and arm to the sky with too much force, causing a fracture of Plaintiff's left humerus.

4

16. Defendants Laeng, Clark and/or Yaeger heard and felt Plaintiff's left humerus crack but did not take him directly to a medical professional for evaluation.  Rather, they took him to the Berea City Jail.

17. Plaintiff suffered excruciating pain both immediately after his left humerus fracture as well as thereafter while he was handcuffed with his hands behind his back in a police cruiser.

18. Plaintiff continued to suffer excruciating pain when he arrived at the Berea City Jail, complaining about pain in his arm to Defendants Laeng, Clark, Yaeger and/or Smith.

19. Rather than immediately calling for medical assistance, Defendants Laeng, Clark, Yaeger and/or Smith kept Plaintiff in the Berea City Jail and attempted to administer a breathalyzer to Plaintiff.  Ultimately, Plaintiff attempted to submit to the breathalyzer but he did not blow enough air into the machine to register a result despite multiple good faith attempts to do so.

20. Plaintiff was processed in the jail, including being fingerprinted and forced to have his left arm manipulated with a broken left humerus.

21. It was only after Defendants Laeng, Clark, Yaeger and/or Smith attempted to administer the breathalyzer and a wait of greater than two (2) hours with Plaintiff in excruciating pain that Plaintiff was permitted to be taken to the Southwest General Health Center emergency room, where he was ultimately diagnosed as suffering from a fracture of his left humerus.

22. As a result of this diagnosis, Plaintiff underwent surgery to place a metal plate and ten (10) screws in his left humerus at Southwest General Health Center on January 10, 2018 and then required physical therapy to strengthen his left shoulder and arm.  Plaintiff experienced throbbing, aching pain and continues to experience pain, suffering and disability.

23.  Defendants knew or should have known that using excessive force to effectuate an arrest of a compliant sixty-three (63) year old man can cause pain and discomfort.

24.  Defendants knew or should have known that the Fourth Amendment prohibits unduly excessive force in effectuating an arrest yet used excessive force, which resulted in Plaintiff's injuries.  Further, Defendants ignored Plaintiff's complaints of pain and kept him at the Berea City Jail for greater than two (2) hours until they could process him, obtain finger prints and administer a breathalyzer.  By ignoring his complaints, Defendants were deliberately indifferent to the Fourth Amendment rights of Plaintiff.

25.  Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the Fourth Amendment rights of Plaintiff.

26.  As a direct and proximate result of Defendants' actions, Plaintiff required surgical intervention to repair the fracture to his left humerus, requiring a metal plate and ten (10) screws in his left humerus; sustained medical expenses and will continue to sustain medical expenses into the future; and will continue to experience pain, suffering and disability into the future.

*V. Violation of 42 U.S.C. §1983 – All Defendants*

27. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 26 as fully written herein.

28. Defendants, under color of state law, deprived Plaintiff of his rights under the Fourth Amendment when they used excessive force in arresting Plaintiff, causing him pain and discomfort that resulted in damage to his left humerus, resulting in surgery, among other injuries.

29. Defendants, under color of state law, deprived Plaintiff of his rights under the Fourth Amendment when they heard and felt his left humerus fracture and furthermore heard his subsequent complaints of pain but did not send him for medical evaluation before first taking him to the Berea City Jail to submit to a breathalyzer and then process him following his arrest.

30. Plaintiff would not have suffered a fractured left humerus and subsequent surgery but for the excessive force of Defendants in effectuating the arrest of Plaintiff.

31. Defendants City and Grecol failed to adequately train and supervise police officers in the procedure of effectuating an arrest of a compliant individual, including Plaintiff.

32. The rules, regulations, customs, policies and procedures of Defendants regarding the proper method for effectuating an arrest and the use of handcuffs were inadequate and unreasonable and were an additional cause of the constitutional deprivations suffered by Plaintiff.

33. Although Defendants were on notice of the obvious need to train and supervise police officers in the proper method of effectuating an arrest and handcuffing a compliant individual, Defendants failed to adequately train and supervise the individual police officers in that regard and in so doing were deliberately indifferent to the feelings and needs confronting arrested individuals, such as Plaintiff.

34. Plaintiff would not have suffered excessive pain and anguish for the duration of time that he did following the fracture of his left humerus but for the failure of Defendants to take him to a medical facility where he could receive medical attention and/or treatment for his left humerus fracture.

35. Defendants City and Grecol failed to adequately train and supervise police officers in the procedure of determining when to provide a detained individual with medical attention.

36. The rules, regulations, customs, policies and procedures of Defendants regarding the proper method for determining when to provide medical care and attention were inadequate and unreasonable and were an additional cause of the constitutional deprivations suffered by Plaintiff.

37. Although Defendants were on notice of the obvious need to train and supervise police officers in the proper method of determining when to provide a detained individual with medical care and attention, Defendants failed to adequately train and supervise the individual police officers in that regard and in so doing were deliberately indifferent to the feelings and needs confronting arrested individuals, such as Plaintiff.

*VI. Prayer for Relief*

WHEREFORE, Plaintiff Howard J. Onk demands judgment against Defendants City of Berea; Joe Grecol, Individually and in his Official Capacity as Chief of Police, City of Berea; Adam Laeng, Individually and in his Official Capacity as Police Officer, City of Berea; Sergeant Dan Clark, Individually and in his Official Capacity as Police Officer, City of Berea; Timothy Yaeger, Individually and in his Official Capacity as Police Officer, City of Berea and Eric Smith, Individually and in his Official Capacity as Police Officer, City of Berea, jointly and severally, as follows:

1. For past and future economic and non-economic compensatory damages, consequential damages, liquidated damages, incidental damages and lost benefits; in an amount greater than $100,000.00 to be determined at trial;

2. For punitive damages for each party in an amount greater than $100,000.00 to be determined at trial;

3. For reasonable attorney's and expert fees;

4. For interest and costs of this action; and

5. For any other relief which this Court deems just and equitable.

Respectfully submitted,

/s/ Michael G. Polito

**MICHAEL G. POLITO (0051930)**
**POLITO RODSTROM BURKE LLP**
21300 Lorain Road
Fairview Park, Ohio 44126
Phone: (440) 895-1234
Facsimile: (440) 895-1233
E-mail: mpolito@prblaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Howard J. Onk hereby demands a trial by jury consisting of the maximum number of jurors permitted by law as to all triable issues in this action.

/s/ Michael G. Polito

**MICHAEL G. POLITO**
*Attorney for Plaintiff*